UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VIVIANA LOZANO,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>VNA HEALTH GROUP OF NEW JERSEY, LLC and VISITING NURSE HEALTH GROUP, INC.,<br><br>　　　　　　Defendants. | DOCKET NO. BER-L-3380-18<br><br>CIVIL ACTION<br><br>NOTICE OF REMOVAL |

ON NOTICE TO:

Clerk, Superior Court of New Jersey
Bergen County Courthouse
10 Main Street
Hackensack, NJ 07601

Clerk, United States District Court
District of New Jersey
Martin Luther King Building
& U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

Michael R. DiChiara
Krakower DiChiara, LLC
77 Market Street, Suite 2
Park Ridge, NJ 07656

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, defendants VNA Health Group of New Jersey, LLC and Visiting Nurse Health Group, Inc. hereby remove to this Court the State Court Action described below, and in support, respectfully states as follows:

**I.　STATEMENT OF THE CASE**

Plaintiff Viviana Lozano ("Plaintiff"), a New Jersey resident, alleges that she was a joint employee of defendants VNA Health Group of New Jersey, LLC and Visiting Nurse Health

Group, Inc. (jointly referred to as "Defendants"). (*See* Plaintiff's Complaint ("Compl.") at ¶¶ 17-23 (attached hereto as Exhibit "A.") Visiting Nurse Health Group, Inc. is a New Jersey corporation. VNA Health Group of New Jersey, LLC is a New Jersey joint venture.

Plaintiff alleges Defendants violated the Fair Labor Standard Act of 1938, as amended 29 U.S.C. §§ 201, *et seq.*; the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 to 49 ("NJLAD"); New Jersey State contract law; and the Family Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq*. Plaintiff served Defendants with the Complaint on May 23, 2018.

Since the Complaint arises under the laws of the United States—and raises questions of federal law—this action is removable pursuant to 28 U.S.C. §§ 1331, 1367, 1441, 1446. Defendants have satisfied all of the procedural requirements of 28 U.S.C. § 1446, and hereby remove this action to the United States District Court for the District of New Jersey.

## II.  THE REQUIREMENTS FOR REMOVAL ARE SATISFIED

***Original Jurisdiction***.  The United States "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331.

Here, Plaintiff asserts violations of § 2601 *et seq.* of Title 29 of the United States Code, the Family Medical Leave Act ("FMLA"), in Count Four of the Complaint. Count One of the Complaint alleges violations of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. §§ 201, et seq. ("FLSA").

This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331 because the claims in this action are based on the existence of a federal question under the FMLA and FLSA, which places this case within the original jurisdiction of the federal courts. *See, e.g.,*

*Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (noting that a "suit arises under the law that creates the cause of action").

Federal court jurisdiction is proper here pursuant to this Court's federal question jurisdiction because a FLSA case could have been properly brought in this Court (even though FLSA's jurisdiction clause confers jurisdiction in both federal and state courts). 28 U.S.C. § 1441 (a) does not prohibit Defendants from properly removing the state court case to this Court so long as the Court has original jurisdiction over the matter, which as stated above, this Court clearly has. *See Breuer· v. Jim's Concrete of Brevard, Inc.,* 538 U.S. 691, 699 (2003) (noting that the right to "maintain" an action was never meant to displace the right to remove). As such, the state action is appropriate for removal to this Court as the matter is within the original jurisdiction of the United States District Court for the District of New Jersey.

***Timeliness***. Defendants file this removal notice within thirty (30) days after service of the Complaint on Defendants. Plaintiff filed the Complaint with the Superior Court of New Jersey, Bergen County, Law Division on May 7, 2018. Plaintiff caused the Complaint to be served upon Defendants on May 23, 2018. Defendants filed the Notice of Removal on June 22, 2018, i.e. within thirty (30) days after service of the initial pleading on Defendants.

***Venue and Allocation.*** Venue is proper in the United States District Court for the District New Jersey and allocation is proper in Newark because the action is pending in Superior Court of New Jersey, Law Division, Bergen County; upon information and belief, Plaintiff is a resident of Bergen County; and the allegations in the Complaint arose out of Bergen County.

### III. THE OTHER PROCEDURAL REQUISITES FOR REMOVAL ARE SATISFIED

Defendants have complied with 28 U.S.C. §§ 1446(a) & (d). A copy of the Complaint, is the only pleading on file in the state court, are attached hereto as Exhibit "A." Thus, as required

by 28 U.S.C. § 1446(a), this notice of removal is accompanied by a true and correct copy of all process, pleadings, orders, and other papers filed in state court or served on the parties in state court.  Pursuant to 28 U.S.C. § 1446(d), a notice of filing of removal, with a copy of this notice of removal attached, is being filed with the Clerk of the Superior Court of New Jersey, Law Division, Bergen County.  (*See* Exhibit B attached hereto.)  Additionally, Defendants served a copy of this notice of removal on Plaintiff in the manner reflected in the certificate of service.  (*See* Certification of Service.)

## IV.     CONCLUSION

By this notice, Defendants do not waive any objections they may have to service, jurisdiction, or venue, or any other defenses or objections to this action.  Defendants intend no admission of fact, law, or liability by this notice, and reserve all defenses, motions, and pleas.  Defendants pray that this action be removed to this Court for determination, that all further proceedings in the state court suit be stayed, and that Defendants obtain all additional relief to which they are entitled.

Dated: June 22, 2018

**KAUFMAN DOLOWICH & VOLUCK LLP**
By: s/   Anna Maria Tejada
        Anna María Tejada, Esq.
Court Plaza South
21 Main Street, Suite 251
Hackensack, NJ  07601
(201) 488-6655
(201) 488-6652
*Attorney for Defendants VNA Health Group of New Jersey, LLC and Visiting Nurse Health Group, Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VIVIANA LOZANO,<br><br>          Plaintiff,<br>  v.<br><br>VNA HEALTH GROUP OF NEW JERSEY, LLC and VISITING NURSE HEALTH GROUP, INC.,<br><br>          Defendants. | DOCKET NO. BER-L-3380-18<br><br>CIVIL ACTION<br><br>CERITIFCATION OF FILING AND SERVICE |

    I, Anna María Tejada, Esq., hereby certify that on June 22, 2018, I caused the original and one (1) copy of the Notice of Filing of Removal filed on behalf of VNA Health Group of New Jersey, LLC and Visiting Nurse Health Group, Inc., to be filed via eCourts to the Clerk of the Court, Superior Court of New Jersey, Law Division, Bergen County Courthouse, 10 Main Street, Hackensack, NJ 0601, with copies served by eCourts on Counsel and parties listed below:

Michael R. DiChiara
Krakower DiChiara, LLC
77 Market Street, Suite 2
Park Ridge, NJ 07656

**KAUFMAN DOLOWICH & VOLUCK LLP**

By:   s/   Anna Maria Tejada
       Anna María Tejada, Esq.

Dated: June 22, 2018

4821-4027-1467, v. 4