# EXHIBIT A

Michael R. DiChiara (NJ ID # 010021998)
Krakower DiChiara LLC
77 Market Street, Suite 2
Park Ridge, NJ 07656
Telephone: 201-746-0303
Fax: 347-765-1600

*Attorneys for Plaintiff*

-----------------------------------------------------x

VIVIANA LOZANO,

                         Plaintiff,      SUPERIOR COURT OF NEW JERSEY
                                          LAW DIVISION: BERGEN COUNTY
    -against-

VNA HEALTH GROUP OF NEW JERSEY,    COMPLAINT
LLC, and VISITING NURSE HEALTH
GROUP, INC.,                                   July Trial Demanded

                        Defendants.

-----------------------------------------------------x

Plaintiff VIVIANA LOZANO, by and through her attorneys, upon personal knowledge as to herself and upon information and belief as to other matters, brings this Complaint against Defendant VNA HEALTH GROUP OF NEW JERSEY, LLC and Defendant VISITING NURSE HEALTH GROUP, INC., and alleges as follows:

## INTRODUCTION

1.     Plaintiff brings this lawsuit seeking recovery against Defendants for violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* (FLSA); New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 to -49 ("NJLAD"); New Jersey State contract law; and the Family and Medical Leave Act of 1993, as amended ("FMLA"), 29 U.S.C. § 2601 *et seq.*

2.     Plaintiff seeks economic, compensatory, liquidated damages, attorneys' fees,

1

punitive damages, and other appropriate legal and equitable relief pursuant to state law.

## PARTIES

### Defendant VNA Health Group of New Jersey, LLC (VNA HGNJ)

3. All actions and omissions described in this Complaint were made by Defendant VNA HGNJ directly and/or through Defendant VNA HGNJ's supervisory employees and agents.

4. Defendant VNA HGNJ's actions and omissions described in this Complaint and causing injury to Plaintiff were done knowingly and willfully.

5. Defendant VNA HGNJ is a domestic not-profit corporation organized under the laws of New Jersey and doing business in the State of New Jersey, and within Bergen County, as a healthcare company.

6. Defendant VNA HGNJ maintains a principle business address, a main business address, and executive offices at 176 Riverside Ave, Red Bank, New Jersey, in Monmouth County.

7. Upon information and belief, at all times relevant to this Complaint, Defendant VNA HGNJ was a covered employer within the meaning of the FLSA, and at all times relevant to this Complaint, employed Plaintiff.

8. At all times relevant to this Complaint Defendant VNA HGNJ was and is an employer within the meaning of the FMLA, 29 U.S.C. § 2611(4).

9. At all times relevant to this Complaint, Defendant VNA HGNJ has been and is an employer as that term is defined by NJLAD, N.J.S.A. 10:5-5(e).

### Defendant Visiting Nurse Health Group, Inc. (VNGH)

10. Defendant VNHG made all actions and omissions described in this Complaint directly and/or through Defendant VNHG's supervisory employees and agents.

11. Defendant VNHG's actions and omissions described in this Complaint and causing injury to Plaintiff were done knowingly and willfully.

12. Defendant VNHG is a domestic non-profit corporation organized under the laws of New Jersey and doing business in the State of New Jersey, and within Bergen County.

13. Defendant VNHG maintains a business address at 176 Riverside Ave, Red Bank, New Jersey, in Monmouth County.

14. Upon information and belief, at all times relevant to this Complaint, Defendant VNHG was a covered employer within the meaning of the FLSA, and at all times relevant to this Complaint, employed Plaintiff.

15. At all times relevant to this Complaint Defendant VNHG was and is an employer within the meaning of the FMLA, 29 U.S.C. § 2611(4).

16. At all times relevant to this Complaint, Defendant VNHG has been and is an employer as that term is defined by NJLAD, N.J.S.A. 10:5-5(e).

**Defendants' Status as Joint Employers**

17. At all times relevant to this Complaint, Defendant VNA HGNJ and Defendant VNHG were joint employers, and these Defendants jointly employed Plaintiff.

18. At all times relevant to this Complaint, the Defendant VNA HGNJ exercised immediate control over the promulgation of work rules and conditions of employment that Plaintiff was subjected to, including rules and conditions related to the hiring, firing, and disciplining of Plaintiff, the issuance of work assignments and instructions, and the supervision of Plaintiff's day-to-day activities.

19. At all times relevant to this Complaint, the Defendant VNHG exercised

immediate control over the promulgation of work rules and conditions of employment that Plaintiff was subjected to, including rules and conditions related to the hiring, firing, and disciplining of Plaintiff, the issuance of work assignments and instructions, and the supervision of Plaintiff's day-to-day activities.

20. At all times relevant to this Complaint, the Defendants exercised common control over supervision of Plaintiff.

**Plaintiff Viviana Lozano**

21. Plaintiff is an adult resident of Bergen County, New Jersey.

22. At all times relevant to this Complaint, Plaintiff has a disability as that term is defined by the NJLAD.

23. At all times relevant to this Complaint, Plaintiff had a severe medical condition as that term is defined by the FMLA.

## FACTUAL ALLEGATIONS

24. Plaintiff was employed by Defendants as a registered nurse at their Englewood, New Jersey facility from November 2014 until August 3, 2017 when she was wrongfully terminated

25. At all times relevant to this Complaint, Plaintiff was an employee of Defendants.

26. At all times relevant to this Complaint Plaintiff has performed her duties fully, effectively, faithfully, and efficiently.

27. At all times relevant to this Complaint met or exceeded all reasonable business expectations as an employee within Defendants' workforce.

**Breach of Contract / Overtime Violations**

28. Plaintiff was compensated on an hourly basis.

29. Plaintiff was not compensated on a salary basis.

30. Plaintiff was not compensated on a fee basis.

31. The pay of Plaintiff varied each pay period based on the number of hours Plaintiff worked that week.

32. Plaintiff did not receive a predetermined amount of compensation each pay period.

33. At all times relevant to this Complaint, Plaintiff and Defendants operated under a contract whereby Defendants agreed to compensate Plaintiff one and one-half times her hourly rate for all hours worked in excess of forty (40) in a week.

34. At all times relevant to this Complaint, Defendants regularly required Plaintiff to work in excess of forty (40) hours per week.

35. In fact, Plaintiff was scheduled to work sixteen hours per day, 7 days per week.

36. Despite this, Defendants failed to compensate Plaintiff *any* overtime for hours worked in excess of forty in a week.

37. Defendants had actual and/or constructive knowledge that Plaintiff was working unpaid hours.

38. Plaintiff was not compensated time and a half for any hours worked in excess of forty (40) per week.

39. Throughout Plaintiff's employment, Defendants failed to pay Plaintiff overtime wages for hours works in excess of forty (40) in a workweek in violation of the FLSA.

40. Throughout Plaintiff's employment, Defendants failed to pay Plaintiff overtime wages for hours works in excess of forty (40) in a workweek in violation of the contract between the parties.

41. Additionally, Plaintiff and Defendants entered into an agreement whereby Defendants agreed t compensate Plaintiff $10.00 per hour for all hours worked on-call and a higher rate of $39.50 for all hours she was visiting patients.

42. However, the Defendants failed to compensate Plaintiff at the higher rate for all hours spent with patients.

43. Rather, Defendants frequently compensated Plaintiff at the lower, on-call rate of $10.00 per hour even though Plaintiff had visited patients.

44. Accordingly, Defendants failed to properly compensate Plaintiff for all hours worked.

45. By failing to compensate Plaintiff at the proper rate for all hours worked, Defendants breached the contract.

46. As a result, Plaintiff is additionally owed a significant amount in unpaid wages in addition to the substantial sum owed to her for unpaid overtime

**Disability Discrimination**

47. Despite Plaintiff's longevity and excellent work history, after Plaintiff disclosed her disability to Defendants, Defendants began subjecting her to a campaign of harassment in an effort to force her from the company.

48. Specifically, in October 2016, Plaintiff informed her supervisors that she was recently diagnosed with arthritis.

49. Plaintiff also informed Defendants that she required intermittent leave for continued medical treatment of her condition.

50. Plaintiff's request for intermittent medical leave was a reasonable accommodation for her disability.

51. Despite this, Defendants failed to offer Plaintiff protected medical leave in violation of the Family and Medical Leave Act (FMLA).

52. Rather, Defendants became increasingly annoyed at Plaintiff because of her continued need for medical care.

53. As a result, in July 2017, Defendants brazenly issued Plaintiff a written warning for her attendance, despite the fact that Plaintiff provided Defendants with a doctor's note to account for each day she missed.

54. On August 3, 2017, shortly after Defendants issued Ms. Lozano a baseless write-up, Defendants summarily terminated Plaintiff.

55. Defendants terminated Plaintiff because of her disability.

56. Defendants terminated Plaintiff because of her need for reasonable accommodations for her disability.

57. Defendants purport to have terminated Plaintiff for an incident on July 28, 2017 with a patient's daughter.

58. However, Defendants' purported reason is clearly pretextual as Diane Ingenito acknowledged in writing that the patient's daughter is "difficult" even under "normal circumstances," thanked Plaintiff for providing the best care under stressful circumstances, and apologized to Plaintiff for the disrespectful behavior of the patient's daughter.

59. Thus, it is clear that Defendants disciplined Plaintiff and terminated Plaintiff because of her disability and in retaliation for requiring reasonable accommodations for her disability.

## COUNT ONE
## (FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq.*)

60. Plaintiff realleges and incorporates by reference all previous paragraphs.

61. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed, "employee[s]," including Plaintiff.

62. Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

63. At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay employees the minimum wage for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though Defendants' employees have been and are entitled to overtime.

64. At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rates, one and a half times the federal minimum wage for hours worked in excess of forty (40) hours per workweek.

65. Plaintiff seeks damages in the amount of their unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## COUNT TWO
## (BREACH OF CONTRACT)

66. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

8

67. A valid contract exists between Plaintiff and Defendants.

68. Plaintiff and Defendants entered into a Contract whereby Defendants agreed to compensated Plaintiff at one and one half times her regular rate for all hours worked in excess of forty in a week.

69. Plaintiff and Defendants entered into a Contract whereby Defendants agreed to compensate Plaintiff $10.00 per hour for all hours worked on-call and a higher rate of $39.50 for all hours she was visiting patients.

70. Plaintiff fully performed her duties and obligations under the contract.

71. Defendants breached the contract by failing to compensate Plaintiff at one and one half times her regular rate for all hours worked in excess of forty in a week.

72. Defendants breached the contract by failing to compensate Plaintiff at the higher rate for all hours worked while visiting patients.

73. As a result of Defendants' breach of the contract, Plaintiff has suffered monetary damages in an amount to be determined at trial.

## COUNT THREE
### (DISABILITY DISCRIMINATION IN VIOLATION OF THE NJLAD)

74. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

75. At all times relevant to this Complaint Defendants were, and continue to be, employers within the meaning of the NJLAD, N.J.S.A. § 10:5-5(e) and employed employees, including Plaintiff.

76. The NJLAD makes it unlawful to discriminate against any individual on the basis of disability, real or perceived.

77. Plaintiff has a disability as that term is defined by the NJLAD.

78. Defendants were aware Plaintiff suffered a disability as that term is defined by the NJLAD.

79. Plaintiff was subjected to harassment and discrimination based on her disability.

80. The harassment was sufficiently severe or pervasive to materially alter the terms and conditions of Plaintiff's employment and to create a discriminatorily abusive working environment.

81. At all times relevant to this Complaint, Defendants' discrimination against Plaintiff based on her disability substantially and materially altered Plaintiff's conditions of employment in ways that were adverse to Plaintiff.

82. Defendants discriminated against Plaintiff because of her disability by subjecting Plaintiff to harassment, failing to accommodate her disability, disciplining Plaintiff for doctor's visits, failing to offer her protected medical leave, and summarily discharging Plaintiff from her employment.

83. Defendants were aware of, or should have been aware of, and are directly and vicariously responsible for, such hostile work environment.

84. Defendants engaged in unlawful employment practices and unlawful discriminatory as those terms are defined by the NJLAD, N.J.S.A. 10:5-12.

85. These acts violate NJLAD and are illegal.

86. In taking the above-described discriminatory actions, Defendants acted with malice and reckless indifference to Plaintiff's rights pursuant to NJLAD giving rise to punitive damages.

87. As a direct and proximate result of Defendants' aforementioned discriminatory conduct, Plaintiff suffered monetary damages, as well as humiliation, emotional distress, mental anguish and suffering, and damage to her professional reputation.

### COUNT FOUR
### (Violations of the FMLA)

88. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

89. At all times relevant to this Complaint, Plaintiff had a serious medical condition as defined under § 2611 of the FMLA.

90. At all times relevant to this Complaint, Plaintiff was an "eligible employee" as defined under § 2611 of the FMLA.

91. At all times relevant to this Complaint, Defendants were and are an employer as that term is defined by the FMLA, 29 U.S.C. § 2611(4).

92. To the extent that Defendants made such procedures, guidelines and protocols for taking medical leave available to Plaintiff, Plaintiff complied promptly and fully with all such procedures, guidelines and protocols.

93. Defendants failed to offer Plaintiff intermittent medical leave to treat her serious medical condition.

94. Defendants retaliated against Plaintiff when she required intermittent medical leave due to her serious medical condition.

95. Defendants terminated Plaintiff as a direct and proximate result of Plaintiff requesting and taking FMLA leave and thereby took an adverse employment action against Plaintiff.

96.  There is a causal connection between the protected activities Plaintiff engaged in and the adverse employment action Defendants took in response.

97.  By virtue of the foregoing, pursuant to 29 U.S.C. §§ 2615 and 2617, Plaintiff is entitled to recover twice her lost wages with interest thereon, actual damages, reinstatement, attorneys' fees and costs

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief on all Claims for Relief:

A.  Damages in an amount to be determined at trial

B.  All compensatory and economic damages;

C.  All reasonable expenses incurred by Plaintiff, including court costs and reasonable and necessary attorney fees, including attorney's fees as provided by statutes, and other relief, both in law and equity, to which Plaintiff may show herself justly entitled;

D.  Liquidated damages.

E.  All punitive and statutory damages authorized by law;

F.  Pre-judgment and post-judgment interest; and

G.  Such further relief as the Court finds just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which she has a right.

## CERTIFICATION PURSUANT TO R. 4:5-1

I certify that the matter in controversy is not subject of any other action pending in any Court or of pending arbitration proceeding presently known to the parties and no other action or arbitration is presently contemplated.

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Michael R. DiChiara, Esq., as trial counsel in this matter.

KRAKOWER DICHIARA LLC
Attorneys for Plaintiff

By: _____
Michael R. DiChaira

Dated: May 7, 2018

## CERTIFICATION REGARDING FILING

The undersigned hereby certifies that the original and one copy of the within complaint and Jury Demand was filed with the Clerk of the Superior Court, Bergen County Court House.

KRAKOWER DICHIARA LLC
Attorneys for Plaintiff

By: _____
Micahel R. DiChiara

Dated: May 7, 2018